IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MEDRAD, INC.  )
    Plaintiff,  )
                        )
  v.                      )  Civil Action No. 01-1997
                        )
TYCO HEALTHCARE GROUP LP,  )
et al.,  )
    Defendants.  )

## MEMORANDUM

Gary L. Lancaster,
District Judge.                                              July 14, 2005

       This is an action in patent infringement. Plaintiff, Medrad, Inc., alleges that defendants, Tyco Healthcare Group LP, Mallinckrodt Inc., Liebel-Flarsheim Co., and Nemoto Kyorindo Co., Ltd., have infringed on its patents for medical injection systems in violation of the Patent Act, 35 U.S.C. §271, et seq. Plaintiff seeks injunctive and monetary relief. This case is just one of a number of patent infringement disputes between the parties before this, and at least one other, federal court.

       Defendants Mallinckrodt and Liebel-Flarsheim have filed a motion "for leave to submit information designated as confidential by Medrad, Inc. under seal in co-pending action" [doc. no. 242]. Defendants contend that plaintiff has taken a position in this case, through its expert, Dr. Allyn D. Strickland, that is directly contrary to a position that it has taken in a case currently pending before the United States

District Court for the Southern District of Ohio. Defendants seek to use plaintiff's expert report and deposition, which have been filed as confidential under the terms of a protective order in this case, in the Ohio litigation in order to demonstrate the alleged inconsistency to that court. For the reasons that follow, defendants' motion will be granted.[1]

I.   BACKGROUND

The parties entered into a stipulated protective order early in this case to protect confidential and trade secret information. Under the terms of that protective order, "[a]ll information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY...shall be used only for purposes of this litigation, and not for purposes of any other litigation..." Stipulated Protective Order [doc. no. 30] at ¶11. When plaintiff filed Dr. Strickland's expert report it designated it as "Confidential Information for Trial Counsel Only". Although that is actually not a designation under the parties' protective order, it appears as though it is the equivalent of "Attorneys' Eyes Only". Stipulated Protective Order at ¶8. However, the exact level of

---

[1] This disposition assumes that defendants have the ability to file these papers, as a procedural matter, in the Ohio case. We do not presume by our ruling to encroach upon the Ohio court's jurisdiction to control the proceedings before it.

2

confidentiality attached to the expert report is irrelevant to our analysis because, under the terms of the protective order, all categories of confidential material cannot be used "...for purposes of any other litigation..." Because defendants seek to do just that, they must obtain modification of the protective order.

II.   STANDARD OF REVIEW

The party seeking to modify a protective order must come forward with a reason for modifying the order. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 790 (3d Cir. 1994). Once that has been done, the district court applies the same balancing test as it uses to determine whether to grant a protective order in the first instance. Therefore, we must balance the requesting party's need for and intended use of the information against the injury and encroachment on privacy that might result if disclosure is compelled. Id. at 787, 790. Whether the parties are public entities or private litigants can be a relevant factor as well. Id. at 788. We must also consider the reliance by the parties on the original confidentiality order. Id. at 790. Modification of a protective order is a matter within the district court's discretion, however, we must articulate findings

AO 72A
(Rev.8/82)

supporting our decision in order to facilitate effective appellate review. Id. at 789.

III. DISCUSSION

Defendants' motion seeks permission to file Dr. Strickland's expert report and deposition, which has been designated as confidential in this case, in a parallel litigation pending between these parties in Ohio. The protective order specifically prohibits the parties' use of pleadings filed in this case in any other case. Therefore, in order to proceed as desired, defendants must obtain a modification of the protective order. Defendants have provided a reason for seeking this modification -- so that they can reveal an alleged inconsistency between plaintiff's position in this case and its argument on summary judgment in the Ohio case. Because defendants have set forth a reason, we must now balance the interests in determining whether to grant the requested modification.

Defendants have a substantial need for this information. If there is an inconsistency in plaintiff's positions, that fact could be relevant to the Ohio court's ruling on the motion for summary judgment pending in that case. Defendants can best prove the alleged inconsistencies in plaintiff's position through plaintiff's own expert report and expert deposition. Although it

4

is possible that defendants could obtain this same information through discovery in the Ohio case (assuming the discovery period is still open or could be extended for this purpose), we recognize the value of allowing the use of information from one case, even if designated as confidential, in a parallel case. This is especially true, as here, where the parties in the Ohio case are the same as the movants and plaintiff in this case.

Defendants' intended use of the information is very limited. They seek only to file the expert report and deposition in the Ohio action under the terms of the protective order. There is little risk of injury or breach of privacy to plaintiff under the circumstances. Although there is a potential for injury to plaintiff's litigation position in the Ohio case if, in fact, the expert report reveals an inconsistency, that is a risk of plaintiff's own making. Of course, plaintiff will be free in the Ohio case to demonstrate why there is actually no inconsistency in its positions, or why the inconsistency is not relevant. These arguments go to the weight and relevancy of the evidence and are a matter properly decided by the Ohio court. They do not, on balance, make modification of the protective order improper. There is little risk of a breach of privacy as the documents will be filed under the most stringent level of confidentiality in the Ohio case.

The fact that both parties are private entities has little effect on our decision to modify the protective order. Finally, the parties have relied on the original protective order in this case for more than three years. However, the expert report and deposition will maintain their confidentiality in the Ohio case. And to the extent that any of the parties have relied on the protective order as a strategic method to advance inconsistent positions in parallel litigations, they surely understood that they did so at their own risk.

On balance, we find that it is appropriate to grant the requested modification to the protective order. The protective order is modified for the specific purpose of allowing defendants to file the expert report of Dr. Strickland and deposition of Dr. Strickland in the co-pending Ohio case. They must do so under the terms of the protective order governing that case. Defendants must designate the documents as falling under the highest level of confidentiality available under that protective order, whether that be called "attorneys' eyes only", "highly confidential", "strictly confidential", or something else. To the extent that plaintiff alleges that defendants have mischaracterized the evidence, or that the information is not relevant to the facts of the Ohio case, plaintiff is free to

6

AO 72A
(Rev.8/82)

present such arguments to the Ohio court, in the manner, if any, set forth by that court.

IV.     CONCLUSION

For the reasons stated above, the protective order will be modified to allow defendants to file the expert report of Dr. Strickland and the deposition of Dr. Strickland in the Ohio case in accordance with the terms of this memorandum.

An appropriate order follows.

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEDRAD, INC.<br>      Plaintiff,<br><br>    v.<br><br>TYCO HEALTHCARE GROUP LP,<br>et al.,<br>      Defendants. | )<br>)<br>)<br>)  Civil Action No. 01-1997<br>)<br>)<br>)<br>) |

ORDER

Therefore, this 18 day of July, 2005 IT IS HEREBY ORDERED that Mallinckrodt Inc. and Liebel-Flarshein Company's Motion for Leave to Submit Information Designated "Confidential" by Medrad, Inc. Under Seal in Co-Pending Action" [doc. no. 242] is GRANTED.

Defendants will be permitted to file the expert report of Dr. Strickland and deposition of Dr. Strickland in the pending Ohio case (98-cv-00858) under and in accordance with that court's schedule, procedures, and orders. Defendants must do so under the terms of the protective order governing that case. They must designate the documents as falling under the highest level of confidentiality available under that protective order.

BY THE COURT:

_____, J.

cc:   All Counsel of Record

AO 72A
(Rev.8/82)