```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

MEDRAD, INC.                    )
          Plaintiff,            )
                                )
     v.                         )   Civil Action No. 01-1997
                                )
TYCO HEALTHCARE GROUP LP,       )
et al.,                         )
          Defendants.           )

## MEMORANDUM

Gary L. Lancaster,
District Judge.                                December 19, 2005

Before the court is plaintiffs' motion for entry of partial final judgment and for an order continuing the stay of defendants' antitrust counterclaim [doc. no. 308]. Plaintiff argues that entry of partial final judgment under Rule 54 is appropriate because the October 12, 2005 order is final with respect to the parties' patent claims, because defendants' antitrust counterclaim has no factual overlap with the issues addressed in the court's October 12, 2005 order, and because there is no just reason to delay appeal of that order. Plaintiff further contends that it would preserve judicial and litigant resources to stay the antitrust counterclaim pending its appeal of the October 12th order. Defendant contends that entering partial final judgment is the exception, rather than the rule, and that it should only be entered where it would alleviate some

hardship or injustice that would result from the delay.  For the following reasons, plaintiff's motion is granted.

On October 12, 2005, this court entered an order granting defendants' motion for summary judgment.  We found that the '602 patent was improperly reissued, thus invalidating the only patent plaintiff sued upon in this case.  The October 12, 2005 order mistakenly included language entering final judgment and closing the case.  Defendants moved to correct that order on the ground that their antitrust counterclaim, which had been previously bifurcated and stayed, was still pending.  As a result, on November 4, 2005[1], the court issued a memorandum opinion and corrected order.  The corrected order simply removed any reference to final judgment having been entered in this case.

### A.  Partial Final Judgment

When deciding whether to certify a judgment under Rule 54(b), a district court must make two determinations.  First, we must determine whether the judgment is final in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980); see also Houston Indus.,

---

[1] We note that this date is prior to the November 16, 2006 docketing of the appeal at the Court of Appeals for the Federal Circuit.  Fed. R. Civ. P. 60(a).

Inc. v. United States, 78 F.3d 564, 567 (Fed. Cir. 1996); W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc., 975 F.2d 858, 861-62 (Fed. Cir. 1992). Second, we must determine "whether any just reason for delay exists." Curtiss-Wright, 446 U.S. at 8; see also Houston Indus., 78 F.3d at 567; W.L. Gore & Assocs., 975 F.2d at 861-62.[2]

Upon consideration of these factors, we find that entry of partial final judgment is appropriate in this case, and articulate the reasons and factors underlying our decision to enter partial final judgment below. The corrected October 12, 2005 order is final as to all patent claims in this case. As a result of the order, the '602 patent was deemed invalid. All other pending motions regarding the validity, enforceability, or infringement of the '602 patent were deemed moot as a result. The '602 patent was the only patent asserted by plaintiff in its patent infringement suit against defendants. The '602 patent was the only patent raised by defendants in their declaratory judgment counterclaim. There is no real dispute between the parties that the order is final as to the patent claims. See

---

[2] We reject defendant's contention that we may not exercise our discretion in entering partial final judgment pursuant to Rule 54(b) unless doing so will alleviate some hardship or injustice. The controlling case law does not require us to consider that factor in making a decision under Rule 54(b).

Defendants' Memorandum in Support of Motion to Correct [doc. no. 305] at p. 3 (the October 12, 2005 order "addressed only the validity of the '602 reissue patent, which fully decided the action on the patent claims...[but] mistakenly entered final judgment as L-F's antitrust counterclaim remains pending").

There is also no dispute that defendants' counterclaim alleging violations of Section 2 of the Sherman Act remains pending.  However, the pendency of this counterclaim, does not present any just reason for delay in entering partial final judgment on the patent claims.  In reaching this conclusion, we have considered the factual relatedness of the patent and antitrust claims and the risk of an appellate court having to decide the same issues in subsequent appeals.

We conclude that the resolved patent claims and the pending antitrust claim are factually separable.  Cold Metal Process Co. v. United Engineering and Foundry Co., 351 U.S. 445, 452 (1956). We reached this same conclusion when we bifurcated and stayed the antitrust counterclaim pending resolution of the patent claims when defendant originally filed it.  We again specifically find that there is no factual overlap between the issues resolved in the corrected October 12th order and the issues raised in the counterclaim.  Although defendants have based their antitrust counterclaim, in part, on allegations of inequitable conduct

during the prosecution of the '602 reissue patent, and its predecessors, our October 12, 2005 decision did not consider such facts.[3] Instead, that opinion addressed the legal issue of whether the reissue statute could be used to remedy a procedural mistake made during the prosecution of a predecessor patent. The factual details regarding plaintiff's prosecution of the '602 patent, and its predecessors, were not considered. Because the patent claims and the antitrust claim are factually separable, we find that there is no just reason for delay in entry of partial final judgment.

Likewise, we find that there is no risk that the issues decided by this court's October 12, 2005 decision would have to be decided again in a second appeal on the antitrust counterclaim. <u>Curtiss-Wright</u>, 446 U.S. at 8. The narrow legal issue decided in the October 12th opinion, <u>i.e.</u>, the scope of the reissue statute, will not arise in the context of an antitrust claim, which is focused on plaintiff's conduct in securing and enforcing its patent rights. Therefore, we conclude that there is no risk of the appellate court having to consider the same issues twice as a result of entry of partial final judgment.

---

[3] We specifically noted in our summary judgment opinion that we did not reach defendants' argument as to the insufficiency of Medrad's declarations or the facts surrounding them. <u>See</u> October 12, 2005 Memorandum [doc. no. 294], p. 5, n.2.

B. <u>Stay</u>

This court has inherent power to manage its own caseload and suspense docket. <u>Clinton v. Jones</u>, 520 U.S. 681, 706-07 (1997). After considering the parties' arguments, we find that continuing the stay pending appeal is appropriate. It would waste judicial resources, and the parties' resources, to litigate an antitrust claim regarding a patent that is currently invalid, but could at some point in the future be deemed valid by an appellate court. What's more, we find it unlikely that the parties would be prepared to try the antitrust counterclaim in six months. However well intentioned that estimate might be, we doubt that it is reasonable.

Although there always a risk that evidence will be compromised over time, we note that these parties are, and have been, involved in litigation on many fronts about various patents related to this technology. We do not doubt that each party, and its respective team of lawyers, has marshaled its witnesses, documents, and evidence regarding the ongoing dispute between these parties and their MRI technology. Finally, although it may be true, as defendant predicts, that the invalidity ruling could be upheld, causing the stay of the antitrust counterclaim to be unnecessary, we have no way of predicting what the appellate courts will do. Upon consideration of all the facts,

and in the exercise of the sound discretion of this court, we find it the best practice to stay the antitrust counterclaim while plaintiff appeals the ruling invalidating its patent.

For the foregoing reasons, plaintiff's motion for entry of partial final judgment and for an order continuing the stay of defendants' antitrust counterclaim [doc. no. 308] is granted. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MEDRAD, INC.                        )
        Plaintiff,                  )
                                    )
    v.                              )   Civil Action No. 01-1997
                                    )
TYCO HEALTHCARE GROUP LP,           )
et al.,                             )
        Defendants.                 )

ORDER

Therefore, this 19th day of December, 2005, IT IS HEREBY ORDERED that plaintiff's motion for entry of partial final judgment and for an order continuing the stay of defendants' antitrust counterclaim pending appeal [doc. no. 308] is GRANTED;

IT IS FURTHER ORDERED that, having determined there is no just reason for delay, partial final judgment is entered by direction of this Court on plaintiff's claims and Count II of defendants' counterclaim under Rule 54(b) of the Federal Rules of Civil Procedure as a result of this Court's October 12, 2005 decision granting defendants' motion for summary judgment of invalidity based on defective reissue; and

IT IS FURTHER ORDERED that the previously ordered stay of defendants' antitrust counterclaim shall remain in place pending plaintiff's appeal of the October 12, 2005 order.

BY THE COURT:

_____, J.

cc: All Counsel of Record